THE STATE (JACOB F. SMITH, Prosecutor,) *vs.* PETER S. VANDERVERE AND OTHERS.

1. On a *certiorari* in matter of highway, removing the proceedings into the Supreme Court, that court can review the entire proceedings in laying out the road.

2. All defects in the proceedings of the applicants and surveyors, and in the orders of the Court of Common Pleas are available, whether the objection was made in the court below or not.

3. In proceedings on a writ of error a different rule obtains. The writ only brings up for review the judgment of the inferior court, and the correction of specific errors committed by that court is sought.

4. If a court of common pleas, in the appointment of surveyors should use their discretion capriciously, in violation of settled principles of law or equity, their proceedings may be reviewed by the superintending tribunal.

5. A surveyor is not disqualified to act, although he has before signed an application for a road over the same route.

In error to the Supreme Court.

The facts in this case sufficiently appear in the opinion delivered.

Argued by *H. V. Speer*, for plaintiff in error, and *G. A. Vroom*, for defendant.

The opinion of the court was delivered by
OGDEN, J. The return made to the writ of error in this case brings before us for review a judmgent of the Supreme Court, rendered in November last, upon a *certiorari*, which removed into that court the order of the Court of Common Pleas for recording the return of a public road in the township of Franklin, in the county of Somerset, and all the previous proceedings on which the order was founded. Several reasons were filed with the clerk of the Supreme Court for vacating the orders of the inferior tribunal, but, in the language of the chief justice, as found in his opinion, " the sole reason relied on for setting aside the return of the road is, that one of the surveyors appointed to view the road was disqualified to act."

The objection urged in this court is, that Jacob Wyckoff, one of the surveyors of the highways of the township of Franklin, who aided in laying out the road, was an applicant to the court several years before for the laying out of a public road over substantially the same ground, and hence that he was interested, and had formed and expressed an opinion in favor of the road ; that he was rendered incompetent in this proceeding to adjudicate upon the question of the necessity for the road. It appears, from the papers in the case, that in June, 1850, Mr. Wyckoff signed a written application to the Court of Common Pleas, praying for the appointment of surveyors to lay out a road nearly over the route since occupied by the road in question; that surveyors were appointed and the road laid ; and that those proceedings were subsequently set aside by this court. Upon another application, a road was again laid over the same route, the proceedings in which were also set aside, and, in April, 1854, the application was made to the Common Pleas for the appointment of surveyors in the present case. At that time, Mr. Wyckoff was selected as one of the surveyors. He assisted in lay-

ing out the road, and signed the return, which was ordered by that court to be recorded.

The matter was removed into the Supreme Court by a *certiorari*, where the action of the pleas was affirmed ; and we are called upon to decide whether, in so doing, that court committed an error.

Two questions are presented for the consideration of this court. First, whether the Supreme Court could review on *certiorari* a matter which had not been considered and adjudicated upon in the inferior tribunal. Secondly, whether the objection made to the qualification of the surveyor is fatal, and should have been so adjudged by the Supreme Court. It is too firmly settled upon the authority of well considered adjudications to be gravely questioned at this day, that the writ of *certiorari* brings up for review all the proceedings had upon an application for laying out a road. In 4 *Halst.* 18, Ch. Just. Ewing says, "if in the orders of the Court of Common Pleas, or in the proceedings of the applicants or of the surveyors, other than those on which the decision of the court or of the surveyors is declared by the statute to be final and conclusive, substantial defects are found, the return of the road, and the recording of it, will be vacated and set aside."

A different rule obtains in proceedings in error. The writ therein removes into the court of review the judgment of an inferior tribunal, and the correction of specific errors committed by that tribunal is sought. The case of *Biddle* v. *Dancer, Spencer's R.* 633, has been relied on by the defendants in error. If the opinion which was given in that case conflicts with the view here taken of the jurisdiction of the Supreme Court on *certiorari* over proceedings in the laying out of roads, it is opposed to the law as theretofore universally held in this state, and must be regarded as not having been deliberately made. In the case of the *State* v. *Bergen*, 4 *Zab.* 549, it is said by the court that an objection made to a surveyor in the Court

of Common Pleas, because he had before acted in a similar capacity upon the same route, came too late after the applicants had incurred all the trouble and expense of having the road laid out and return made ; that such surveyor was not disqualified by the provisions of the statute, and that the court, on the application for the appointment, might refuse to appoint a surveyor who, for any reason which in their discretion they shall deem sufficient, they think ought not to be appointed.   That case was put upon, and decided the competency of the surveyor objected against, and does not impugn or question the general supervisory jurisdiction of the Supreme Conrt over all the proceedings in the laying out of roads.   The paragraph referred to may be fairly taken as a strong intimation by the court that objections to particular surveyors for favor ought to be raised before the court below at the earliest opportunity to entitle them to consideration in a court of review.

That case also furnishes a strong authority upon the second question which has been here discussed.   If a surveyor who had once acted in laying out a road which was afterwards set aside, is not necessarily incapacitated for serving upon a new appointment in viewing the same route, much less is an applicant for a road once laid, where the proceedings are afterwards set aside, disqualified for discharging the duties of a surveyor on a subsequent application.   The statute providing for the appointment of surveyors makes only one absolute disqualification, to wit, being a landholder on the line of the proposed road.   All other objections are referred to the discretion of the Court of Common Pleas.

When the unfitness of a surveyor is suggested, that court considers the matter, and exercises its discretion upon the subject, and, if sufficient reasons be shown against the propriety of his appointment, he will not be selected.   In the present case, if the objection was made

State v. Vandervere.

before the pleas when the order for appointments was applied for we must presume that the court considered the reasons which were assigned, and did not think they were sufficient to require the exclusion of a surveyor of the township wherein the road was to be laid, to whose appointment they were required by the act to have regard. Placing the prosecutor in the best position which he can occupy by assuming that the Court of Common Pleas adjudicated upon the matter when the appointment was made, I cannot see that the Supreme Court erred in affirming their judgment.

The fact, the the surveyor objected to had several years before applied for and obtained a road over the same route, the proceedings upon which were afterwards set aside, should not, standing alone, have necessarily raised an inference of a bias that would disqualify him from impartially acting in the case. If a court of common pleas, in the appointment of surveyors, should use their discretion capriciously, in violation of settled principles of equity or of law, the superintending tribunal has power to review and to correct their proceedings. Our road act contemplates the exercise of a sound judicial discretion, which should be guided by the nature of the circumstances and the acknowledged rules of proceedings in such cases. As no error appears in the judgment of the Supreme Court, it should be affirmed.

Let the judgment be affirmed, with costs to be taxed.

*For affirmance*—Judges OGDEN, HAINES, RYERSON, VREDENBURGH, ARROWSMITH, CORNELISON, RISLEY, VALENTINE, and WILLS.

*For reversal*—None.

CITED in *State* v. *City of Elizabeth*, 3 *Vr.* 359.